[653 NYS2d 858]

In the Matter of SYLVIA ANITA RYAN (Admitted as S. ANITA RYAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 27, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Sylvia Anita Ryan,* Washington, D.C., respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

By order of the District of Columbia, Court of Appeals, dated

January 29, 1996, the respondent was suspended from the practice of law in the District of Columbia for four months and was ordered to make restitution to her clients in the amounts specified by the Board on Professional Responsibility.

On March 1, 1996, the Grievance Committee served the respondent in Washington, D.C., via regular mail, with a notice pursuant to 22 NYCRR 691.3 (b), informing her of her right to submit a verified statement setting forth certain enumerated defenses to the imposition of reciprocal discipline in New York. In her "verified statement" dated March 18, 1996, respondent set forth two defenses to the imposition of discipline: that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction and that the imposition of discipline by this Court would be unjust. By decision and order of this Court dated May 6, 1996, the Grievance Committee's motion to impose discipline upon the respondent was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d), and the issues raised were referred to the Honorable Joseph Esquirol, as Special Referee, to hear and report. The hearing commenced on June 12, 1996, and was adjourned to allow the respondent an opportunity to obtain certain missing documents. The respondent failed to appear on the adjourned date. By letter dated August 21, 1996, the respondent apprised Grievance Counsel that she had not yet received any additional documents from the District of Columbia Bar and was, accordingly, unable to pursue the hearing. She, therefore, wished to withdraw the request made in her verified statement of March 18, 1996.

The Special Referee concluded that the respondent failed to meet her burden of showing the validity of the two defenses that she had raised. The Special Referee noted that the respondent's testimony did not suggest that there had been an infirmity of proof surrounding the District of Columbia proceedings even if the entire record had been produced.

Based on the evidence adduced, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is suspended from the practice of law in New York for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

150

Ordered that the respondent, Sylvia Anita Ryan, is suspended from the practice of law in New York for a period of one year, commencing February 27, 1997, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension in New York and until the further order of this Court, the respondent, Sylvia Anita Ryan, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.